UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC S. WOLF,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | No. CV-13-5083-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 18, 20.) Attorney Joseph M. Linehan represents plaintiff; Special Assistant United States Attorney Summer Stinson represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Eric S. Wolf (plaintiff) protectively filed for disability insurance benefits (DIB) on January 11, 2011. (Tr. 176, 192.) Plaintiff alleged an onset date of July 15, 2009.[1] (Tr. 176.) Benefits were denied initially and on reconsideration. (Tr. 132, 138.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.J. Payne on July 16, 2012. (Tr. 42-98.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 73-98.) Medical expert Daniel Wiseman and psychological expert Donna Mary Veraldi, also

---

[1] Plaintiff previously applied for Social Security disability benefits under Titles II and XVI and was found disabled by ALJ Michael Hertzig for the period of July 14, 2007 to January 31, 2009 due to bipolar disorder. (Tr. 105-112.) Medical records indicated plaintiff had medically improved, no longer needed to be seen on a regular basis, and was discharged from mental health treatment in January 2009. (Tr. 111.) Thus, plaintiff's prior application requested a closed period of disability and alleged no disability as of February 1, 2009. (Tr. 112.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

testified. (Tr. 44-73.) The ALJ denied benefits (Tr. 20-29) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 33 years old at the time of the hearing. (Tr. 73.) He completed tenth grade but has a GED. (Tr. 74.) He has work experience as a manual laborer, truck weigher, mechanic maintenance helper, cook, fast food service, dishwasher, and farm worker. (Tr. 75-80.) He testified the main reason he could not work during the relevant period was limitations due to tendinitis in both tendons in his left ankle. (Tr. 80.) He cannot walk over uneven ground or his tendinitis is aggravated. (Tr. 81.) He has had nerve pain in his ankle since May 2011. (Tr. 81.) He also has knee problems. (Tr. 81-82.) He testified that before his medication regimen was implemented in 2011, he had lots of manic episodes. (Tr. 82.) He would go two to three days without sleeping. (Tr. 83.) He would get frustrated and fly off the handle if someone criticized him. (Tr. 83.) He has had breathing problems for a couple of years. (Tr. 84-85.) He has had problems with anxiety and panic attacks. (Tr. 85.) He has a lazy eye which affects his vision. (Tr. 86.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

"[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of July 15, 2009 through his date last insured of December 31, 2010. (Tr. 22.) At step two, the ALJ found plaintiff had the

following severe impairments through the date last insured: history of arthroscopic surgery for left ankle synovitis; obesity; and history of substance abuse/dependence. (Tr. 22.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 22.) The ALJ then determined that through the date last insured:

> [C]laimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with limitations for only a two-hour total standing and walking capacity, to be perform[ed] in less than 30 minute intervals. There would be no work related mental limitations without substance abuse.

(Tr. 24). At step four, the ALJ found plaintiff was able to perform past relevant work through the date last insured. (Tr. 28.) Alternatively, after considering plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there were other jobs that existed in significant numbers in the national economy that plaintiff could have performed. (Tr. 28.) Thus, the ALJ concluded plaintiff was not under a disability as defined in the Social Security Act at any time from July 15, 2009, the alleged onset date, through December 31, 2010, the date last insured. (Tr. 29.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) failing to obtain the testimony of a vocational expert regarding past relevant work; and (2) improperly weighing the psychological opinion evidence. (ECF No. 18 at 5-9; ECF No. 21 at 1-4.) Defendant argues the ALJ: (1) properly determined plaintiff's severe impairments at step two; (2) properly resolved conflicting psychological evidence; and (3) properly determined plaintiff was not disabled at step five. (ECF No. 20 at 6-16.)

## DISCUSSION

**1.     Opinion Evidence and Step Two**

Plaintiff argues the ALJ failed to set forth legally sufficient reasons for rejecting the opinion of Dr. Arnold. (ECF No. 18 at 7-8.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Arnold completed a DSHS Psychological/Psychiatric Evaluation form in October 2011. (Tr. 376-80.) Dr. Arnold diagnosed major depressive disorder, recurrent, moderate; alcohol dependence; and personality disorder NOS with antisocial and borderline features. (Tr. 377.) He assessed four marked and two moderate functional limitations. (Tr. 378-79.) Dr. Arnold opined plaintiff is capable of understanding and carrying out simple instructions, can concentrate for short periods of time, can complete simple tasks without close supervision, would work best in positions that have minimal interaction with others, can use the bus for transportation, and can recognize hazards and take appropriate precautions. (Tr. 379.) Dr. Arnold also reported that MMPI results were invalid due to over reporting of negative symptoms. (Tr. 380.)

Although plaintiff asserts the ALJ failed to set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Arnold's opinion, plaintiff fails to discuss the ALJ's interpretation of the evidence or the ALJ's analysis of Dr. Arnold's opinion. (ECF No. 18 at 8.) The ALJ found "no physician, treating or examining, has endorsed disability for the claimant, either on a physical or mental basis. Therefore, there is really no medical opinion evidence to reject here." (Tr. 26.) As such, the ALJ did not attempt to justify rejecting Dr. Arnold's opinion, although the ALJ did consider and analyze Dr. Arnold's findings (Tr. 25-27.)

First, the ALJ noted the October 2011 assessment by Dr. Arnold was made "well beyond the relevant period." (Tr. 25.) A statement of disability made outside the relevant time period may be disregarded. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Plaintiff must establish disability before the date last insured. *See Greger v. Barnhart*, 464 F.3d 968, 970 (9th Cir. 2006); *Vertigan v. Halter*, 260 F.3d 1044, 1047 (9th Cir. 2001). The relevant period in this matter is of July 15, 2009, the alleged onset date, through December 31, 2010, the date last insured. Dr. Arnold's opinion was generated nearly a year after plaintiff was required to establish disability and is therefore less useful in assessing plaintiff's claim during the relevant period. Second, the ALJ pointed out Dr. Arnold assessed moderate and marked cognitive and social limitations, but opined the duration of these limitations was only 9-12 months. (Tr. 25-27, 379.) To be disabled, a claimant must be unable to engage in any substantial gainful activity due to an impairment which is expected to result in death "or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012). Since Dr. Arnold opined the assessed limitations should last 9-12 months, the duration requirement is not met. Thus, the ALJ made two observations about Dr. Arnold's opinion supported by substantial evidence which reflect the opinion does not endorse disability.

Third, the ALJ noted Dr. Arnold found plaintiff's MMPI results invalid due to over reporting of negative symptoms and indicated his scores were likely an exaggerated view of his psychological condition. (Tr. 25, 27, 380.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9th Cir. 1999); *Fair*, 885 F.2d at 604. Over reporting of symptoms suggests a lack of credibility, and the ALJ made a negative credibility finding which is not challenged by plaintiff.[2] (Tr. 24-26.) Although the ALJ

---

[2] If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*,

did not need to reject Dr. Arnold's opinion, the evidence suggests the ALJ would have had a reasonable basis for doing so to the extent Dr. Arnold's findings are based on plaintiff's self-report.

Plaintiff does not address the ALJ's analysis of Dr. Arnold's opinion or discuss any of the ALJ's findings regarding the psychological opinion evidence. Plaintiff's main argument is that the ALJ gave weight to the opinion of the medical expert, Dr. Veraldi, rather than to the opinion of Dr. Arnold. (ECF No. 18 at 7-8.) Dr. Veraldi reviewed the record and opined plaintiff had no severe mental impairment without considering the effects of alcohol. (Tr. 69, 386.) The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). As discussed throughout the ALJ's decision, Dr. Veraldi's opinion is consistent with other evidence in the record. (Tr. 24-27.) Plaintiff argues only that the ALJ was required to reject Dr. Arnold's opinion with specific, legitimate reasons and did not do so. (ECF No. 18 at 7-8.) For the reasons discussed herein, the ALJ's analysis of the Dr. Arnold's opinion was reasonable and supported by substantial evidence in the record. As a result, the ALJ did not err.

Plaintiff also briefly asserts the ALJ erred at step two by determining that plaintiff had no severe mental impairment. (ECF No. 18 at 6, ECF No. 21 at 1-2, 4.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The ALJ set forth the basis for the step two finding of no severe mental impairments in detail (Tr. 22-23), but plaintiff did not cite the ALJ's reasoning or make any specific arguments regarding the step two finding. To the extent plaintiff made any step two argument, it is a restatement of the argument that the ALJ should not have ALJ relied on Dr. Veraldi's opinion over Dr. Arnold's opinion. (ECF No.

---

169 F.3d at 599. The ALJ cited a number of legally sufficient reasons supported by substantial evidence in the record to justify the negative credibility finding. (Tr. 24-26.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

18 at 6, ECF No. 21 at 1-2.) Again, for the reasons discussed herein, the ALJ reasonably considered the psychological opinion evidence at step two and did not err.

**2.    Step Four**

Plaintiff argues the ALJ erred at step four by failing to call a vocational expert to determine whether plaintiff could perform past relevant work. (ECF No. 18 at 6-7.) If a claimant is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain findings of fact including the RFC, the physical and mental demand of the job or occupation, and a finding that the RFC would permit the claimant to return to the past job or occupation. S.S.R. 82-62. The burden of proof lies with the plaintiff at step four, but the ALJ still has a duty to make the requisite factual findings to support his conclusions. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); S.S.R. 82-62. Defendant concedes the ALJ did not have a reasonable basis for finding plaintiff could perform his past relevant work. (ECF No. 20 at 13 n.1.) Thus, the ALJ erred by determining plaintiff could perform past relevant work at step four.

However, the ALJ made an alternate step five finding that there were other jobs that existed in significant numbers in the national economy that plaintiff could have performed. (Tr. 28.) If a claimant cannot perform past relevant work, the analysis moves to step five and the ALJ determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987). The Medical-Vocational guidelines may be used to determine whether a claimant is able to perform other work in cases where they accurately describe the claimant's abilities and limitations. *Heckler v. Campbell*, 461 U.S. 458, 462 n. 5 (1983). The guidelines consider limitations on the claimant's strength, i.e., "exertional limitations." *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1472 (9th Cir. 1984). If the claimant has a significant non-exertional limitation, such as a mental impairment or the inability to tolerate certain work environments, the ALJ must determine how much the claimant's work capacity is further limited by non-exertional restrictions. *Id.*; 20 C.F.R. pt. 404, subpt. P. app. 2. § 200.00(e)(2). An ALJ is required to seek the assistance of a vocational expert when the nonexertional limitations are at a sufficient level

of severity such as to make the Medical-Vocational guidelines inapplicable to the particular case. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

The ALJ found plaintiff can perform light work as performed in 20 C.F.R. § 404.1567(b) with additional limitations for only a two-hour total standing and walking capacity, to be performed in less than 30 minute intervals. (Tr. 24.) Plaintiff asserts his nonexertional limitations required the ALJ to consult a vocational expert rather than rely on the Medical-Vocational guidelines. (ECF No. 18 at 7, *citing Polny v. Bowen*, 864 F.2d 661 (9th Cir. 1988) (holding that where a claimant's nonexertional limitations limit the range of work, the grids do not apply and a vocational expert is required)). Without citing any authority, plaintiff asserts the limitation on standing and walking to 2 hours in an 8-hour workday for less than 30-minute intervals is a nonexertional impairment. (ECF No. 18 at 7.) According to S.S.R. 83-10, however, a "nonexertional impairment" is any impairment "which does not directly affect the ability to sit, stand, walk, lift, carry, push, or pull." Since the limitation referenced by plaintiff involves the ability to stand and walk, the impairment is an exertional impairment, not a nonexertional impairment, and *Polny v. Bowen* is not applicable.

The regulations provide that light work requires "a good deal of walking or standing" or sitting most of the time with some pushing or pulling of arm or leg controls. 20 C.F.R. § 404.1567(b). "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.* According to S.S.R. 83-10, the full range of light work requires standing off and on for up to 6 hours in an 8-hour day. Because the RFC limits standing and walking, plaintiff is capable of less than full range of light work. When the exertional RFC does not coincide with the definition one of the ranges of work as defined in sections 404.1567 of the regulations, the ALJ is directed to consider the extent of any erosion of the occupational base and assess its significance. S.S.R. 83-12. According to the ALJ, "the additional limitations had little or no effect on the occupational base of unskilled light work." (Tr. 29.)

Notwithstanding, the ALJ also found plaintiff's limitations "would not erode the job base at the light or sedentary levels." (Tr. 29.) If someone can do light work, they can also do sedentary work. 20 C.F.R. § 404.1567(b). Sedentary work is defined as work which involves sitting, although a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. § 404.1567(a). Jobs are sedentary if walking and standing are required

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

"occasionally" and other sedentary criteria are met. *Id.* "Occasionally" generally means no more than 2 hours of standing or walking in an 8-hour day. S.S.R. 83-10. Because the RFC includes up to 2 hours of standing or walking in an 8-hour day, an alternative finding that plaintiff is capable of sedentary work is supported by the record. The limitation to 30-minute intervals does not reasonably erode the occupational base of sedentary work in light of the definition of "sedentary." Thus, based on the ALJ's alternate step five finding, the conclusion that plaintiff is not disabled is supported by the evidence. The error at step four was harmless error because the ALJ alternatively and properly determined plaintiff was not disabled because other work existed in significant numbers in the national economy that plaintiff could have performed. Errors that do not affect the ultimate result are harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 20)** is **GRANTED.**
2. Plaintiff's Motion for Summary Judgment **(ECF No. 18)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED July 30, 2014

 *s/ Fred Van Sickle*\_\_\_\_
 Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11